UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

In re

      D. A. ELIA CONSTRUCTION CORP.,          ORDER
                                                                                06-mc-71

                            Debtor

_____

          On October 19, 2004, Bankruptcy Judge Michael J. Kaplan, who presided over this massive Chapter 11 bankruptcy proceeding, granted a motion by debtor's counsel, Damon & Morey, LLP ("Damon & Morey") for attorneys' fees. That Order (the "October 19th Order") approved Damon & Morey's Sixth and Final Fee Application, which incorporated legal fees and disbursements for the period from August 1, 2000 through September 30, 2003, as well as the outstanding fees and disbursements which had been previously held back or deferred by the bankruptcy court.

          The debtor appealed Judge Kaplan's October 19th Order to this Court. While the appeal was pending, non-party L. Andrew Bernheim moved to intervene in the appeal. On June 19, 2006, this Court denied Bernheim's motion to intervene, affirmed Judge Kaplan's October 19th Order and dismissed the appeal. See In re D.A. Elia Construction Corporation, 04-CV-975A, Dkt. No. 21. Judgment was entered in favor of Damon & Morey on June 20, 2006.

          Both the debtor and Bernheim appealed this Court's judgment to the United States Court of Appeals for the Second Circuit. On June 28, 2007, the Second Circuit issued a summary order affirming the judgment.

While the appeal was pending in the Second Circuit, Damon & Morey filed a motion in bankruptcy court pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58(d) of Federal Rules of Civil Procedure seeking an order from the bankruptcy court directing that the Clerk of the United States Bankruptcy Court enter a monetary judgment in its favor with respect to the fee applications so that it may commence efforts to collect that judgment.  In its motion, Damon & Morey noted that neither the debtor nor the proposed intervenor had moved to stay the award of attorneys' fees.  Judge Kaplan heard argument on the motion on September 14, 2006. Thereafter, on October 2, 2006, Judge Kaplan issued a report and recommendation pursuant to 28 U.S.C. § 157(c), recommending that this Court enter judgment in favor of Damon & Morey in the amount of $342,518.49, representing the amount of fees and disbursements owed to Damon & Morey pursuant to the bankruptcy court's October 19th Order.  Judge Kaplan also recommended that this Court declare that "surplus money" exists in the Chapter 11 estate because the amount of money in the estate exceeds the amount owed to Damon & Morey.  Finally, Judge Kaplan recommended that the bankruptcy reference be withdrawn as to all remaining disputes in the Chapter 11 case.

The debtor filed objections to the bankruptcy court's report and recommendation and Damon & Morey filed a response in opposition to the objections. Additionally, Damon & Morey filed a motion requesting that this Court adopt the report and recommendation.  The debtor opposed the motion.  Proposed-intervenor L. Andrew Bernheim also filed papers in oppostion to the motion.  Oral argument was deemend unnecessary.

Pursuant to Rule 9033(d) of the Federal Rules of Bankruptcy Procedure this Court must conduct a *de novo* review of the record, the bankruptcy court's findings of fact and conclusions of law, and the written objections by the parties.  Upon *de novo* review of the bankruptcy court's report and recommendation, the objections and response, and upon review of the entire proceedings in the Chapter 11 matter, the Court hereby adopts Judge Kaplan's recommendation to enter judgment in favor of Damon & Morey in the amount of $342,518.49 and to declare that "surplus money" exists in the estate.[1]  The Court finds it unnecessary to adopt Judge Kaplan's recommendation to withdraw the bankruptcy reference as it appears that there are no proceedings pending in bankruptcy court relating to this matter.

Accordingly, the Court hereby directs that the Clerk of the Court: (1) enter judgment in favor of Damon & Morey in the amount of $342,518.49, representing the amount of fees and disbursements owed to Damon & Morey pursuant to this Court's June 20, 2006 judgment; and (2) enter a declaration that "surplus money" exists in the Chapter 11 estate.  The Clerk of the Court shall take all steps necessary to close this case.

---

[1]  Bernheim had also filed a separate district court action, L. Andrew Berhneim v. David Elia, et al., 05-cv-118, seeking *inter alia,* a declaratory judgment that he is the sole shareholder of the debtor.  On January 10, 2006, Hon. John T. Elfvin (to whom that case had been assigned) dismissed that action without prejudice subject to a final determination in the bankruptcy matter.  Bernheim appealed Judge Elfvin's order of dismissal in 05-cv-118 to the Second Circuit.  On June 28, 2007, the Second Circuit issued a summary order vacating Judge Elfvin's order and remanding the matter with instructions to reinstate Bernheim's complaint.  That action, once reinstated, will determine whether Bernheim is the sole shareholder of the debtor.  However, that action has nothing to do with whether Damon & Morey should receive payment of fees and expenses incurred in representing the debtor throughout this massive bankruptcy proceeding.  Accordingly, the Court finds that, regardless of who is the proper shareholder of the surplus estate, Damon & Morey is entitled to a judgment for attorneys' fees and expenses.

SO ORDERED.

                                                   <u>s/ *Richard J. Arcar*a</u>
                                                   HONORABLE RICHARD J. ARCARA
                                                   CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT

DATED:  July 2, 2007